

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIRST ONE LENDING CORPORATION; JOHN VESCERA, | No. 17-55492 |
| Plaintiffs-Appellants, | D.C. No. 8:13-cv-01500-AG-DFM |
| v. | |
| THE HARTFORD CASUALTY INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and KENNELLY,** District
Judge.

First One Lending Corporation and John Vescera appeal a grant of summary

judgment in favor of Hartford Casualty Insurance Company that found a lawsuit

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

against the appellants uninsurable under their general liability insurance policy.  A district court's grant of summary judgment is reviewed de novo.  *Sony Comp. Entm't Am. Inc. v. Am. Home Assurance Co.*, 532 F.3d 1007, 1011 (9th Cir. 2008).  We reverse.

First, the district court erred in granting Hartford's motion for summary judgment based on a statutory exception for willful conduct.  Cal. Ins. Code § 533.  To determine whether an insurer owes its insured a duty to defend, we "compare the allegations of the [underlying] complaint—and facts extrinsic to the complaint—with the policy terms to see if they reveal a possibility that the claim may be covered by the policy."  *See Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002).  Because at least the Lanham Act trademark infringement claim in the underlying complaint against the appellants did not require a showing of willfulness within the ambit of section 533 to impose liability, there was a sufficient "potential for liability" to trigger the insurer's broad duty to defend under California law.  *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1084, 846 P.2d 792, 797 (1993); *see also Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111-12 (9th Cir. 2006); *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1059 (9th Cir. 1999).  Nor was every claim in the complaint so "inseparably intertwined" with willful

conduct as to render the entire action uninsurable. *See Unified W. Grocers*, 457 F.3d at 1114.

Second, the district court erred in granting summary judgment on the basis of the financial services exclusion. "[I]nterpreted narrowly against the insurer," as the exclusion must be under California law, *see Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), the express exclusion for claims "resulting from the rendering of or the failure to render financial services" does not capture all the claims in the underlying complaint because at least some of those claims bore an insufficient causal nexus with financial services.

In sum, Hartford failed to demonstrate that these exclusions apply to all of the claims alleged against First One and Vescera "in all possible worlds," *Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App. 4th 1017, 1039 (2003), and it thus failed to demonstrate that it had no duty to defend the action. *See Horace Mann*, 4 Cal. 4th at 1084, 846 P.2d at 797; *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 299, 861 P.2d 1153, 1160 (1993) ("Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor."); *Manzarek*, 519 F.3d at 1031 ("[I]f any of the claims in the underlying complaint are covered the insurer has a duty to defend the entire action."); *see also Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1267 (9th Cir. 2010) (" Where

3

there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured against the insurer." (internal quotation marks omitted)).

Hartford's alternative arguments that NACA's claims fell either outside the insurance policy's coverage provisions or within the policy's intellectual property exclusion must also fail. Because there is a potential for coverage under the affirmative coverage provisions and Hartford did not conclusively demonstrate that the intellectual property exclusion applied, *see Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App. 4th at 1039; *Manzarek*, 519 F.3d at 1031, the district court's holdings on these two issues were sound.

**REVERSED and REMANDED.**

*First One Lending Corp. v. Hartford Casualty Insurance Co.*, 17-55492
IKUTA, Circuit Judge, dissenting:

I would affirm the district court on two grounds. First, each claim in the underlying complaint was inseparably intertwined with willful conduct. *See Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1114 (9th Cir. 2006). Based on the allegations in the underlying complaint, any conduct on the part of the defendants that could be characterized as merely negligent standing alone was "so closely related to intentional misconduct as to be inseparable from it." *State Farm Gen. Ins. Co. v. Mintarsih*, 175 Cal. App. 4th 274, 288 (2009). Therefore, the entire action was uninsurable under Cal. Ins. Code § 533.

Second, as an element of its trademark infringement and unfair competition claims, NACA alleged reputational harm and loss of goodwill that were caused by the defendants' false claims of association with NACA in conjunction with their failure to render (or negligent rendering of) the advertised financial services. Because the policy's financial services exclusion precluded coverage for injuries resulting from "the rendering of or the failure to render financial services" to others, these claims were not covered by the policy. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993).